1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  KIMBERLY ANN LOMBARDI                    No.  2:15-cv-0478-KJN

12              Plaintiff,

13       v.                                  ORDER

14  COMMISSIONER OF SOCIAL
    SECURITY,
15
                Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security

19  ("Commissioner") denying plaintiff's applications for Disability Insurance Benefits ("DIB") and

20  Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social

21  Security Act ("Act").[1]  In her motion for summary judgment, plaintiff principally contends that

22  the Commissioner erred by finding that plaintiff was not disabled from August 4, 2010, through

23  the date of the final administrative decision.  (ECF No. 14.)  The Commissioner filed an

24  opposition to plaintiff's motion and a cross-motion for summary judgment.  (ECF No. 20.)  No

25  optional reply brief was filed.

26

27  [1] This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both
    parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.
28  (ECF Nos. 7, 9.)

                                            1

For the reasons discussed below, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and enters judgment for the Commissioner.

I.      BACKGROUND

Plaintiff was born on May 23, 1960, completed three years of college, and is able to communicate in English.  (Administrative Transcript ("AT") 185, 238, 240.)[2]  She previously worked as a healthcare IT training specialist, IT systems administrator, and systems analyst.  (AT 240.)  Plaintiff applied for DIB and SSI on August 1, 2011, alleging that her disability began on August 4, 2010, at the age of 50.  (AT 185.)  Plaintiff alleged that she was disabled primarily due to pain and reduced functionality in her hips and back, post-traumatic stress disorder ("PTSD"), and depression.  (AT 239.)  After plaintiff's applications were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on April 15, 2013, and at which plaintiff, represented by an attorney, and a vocational expert ("VE") testified.  (AT 40-61.)  The ALJ issued a decision dated July 18, 2013, determining that plaintiff had not been under a disability, as defined in the Act, between August 4, 2010, and the date of that decision.  (AT 18-39.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on January 8, 2015.  (AT 1-6.)  Plaintiff then filed this action in federal district court on March 3, 2015, to obtain judicial review of the Commissioner's final decision.  (ECF No. 1.)

II.     ISSUES PRESENTED

On appeal, the sole issue raised by plaintiff is whether the ALJ erroneously discounted plaintiff's own testimony concerning her symptoms and functional limitations.

///

///

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

1    III.    LEGAL STANDARD

2        The court reviews the Commissioner's decision to determine whether (1) it is based on

3    proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

4    as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

5    evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

6    F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable

7    mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th

8    Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is

9    responsible for determining credibility, resolving conflicts in medical testimony, and resolving

10   ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The

11   court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

12   interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

13   IV.    DISCUSSION

14       A.    Summary of the ALJ's Findings

15       The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's

16   standard five-step analytical framework.[3]  As an initial matter, the ALJ found that plaintiff

17   ───────────────────────

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social
18   Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled
persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as
19   an "inability to engage in any substantial gainful activity" due to "a medically determinable
physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel
20   five-step sequential evaluation governs eligibility for benefits under both programs.  See 20
C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-
21   42 (1987).  The following summarizes the sequential evaluation:

22       Step one: Is the claimant engaging in substantial gainful activity?  If so, the
23       claimant is found not disabled.  If not, proceed to step two.

24       Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step
25       three.  If not, then a finding of not disabled is appropriate.

26       Step three: Does the claimant's impairment or combination of impairments meet or
         equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the
27       claimant is automatically determined disabled.  If not, proceed to step four.

28       Step four:  Is the claimant capable of performing his past relevant work?  If so, the

3

1  remained insured for purposes of DIB through December 31, 2014.  (AT 23.)  At the first step,

2  the ALJ concluded that plaintiff had not engaged in substantial gainful activity since August 4,

3  2010, the alleged onset date.  (AT 24.)  At step two, the ALJ found that plaintiff had the following

4  severe impairments:  obesity, cervical and lumbar spine degenerative disc disease, "history of

5  surgeries on her feet for bunions and right hammer toe correction," bilateral hand/finger

6  osteoarthritis, and right knee medial meniscus tear.  (Id.)  However, at step three, the ALJ

7  determined that plaintiff did not have an impairment or combination of impairments that met or

8  medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P,

9  Appendix 1.  (AT 28.)

10        Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity

11  ("RFC") as follows:

12              After careful consideration of the entire record, the undersigned
              finds that the claimant has the residual functional capacity to
13             perform light work as defined in 20 CFR 404.1567(b) and
              416.967(b) not involving standing and/or walking in excess of 2
14             hours total per 8-hour workday (in 30-minute intervals), walking
              longer than 15 minutes without the use of a cane or other assistive
15             ambulation device, performing any postural movements or climbing
              activities, or performing more than frequent balancing tasks or
16             frequent fine and/or gross manipulative tasks with her bilateral
              upper extremities.

17

18  (AT 28-29) (internal footnote omitted).

19        At step four, the ALJ found, based on the VE's testimony, that plaintiff was capable of

20  performing her past relevant work as a systems analyst.  (AT 32.)  Thus, the ALJ concluded that

21  plaintiff had not been under a disability, as defined in the Act, from August 4, 2010, through the

22  _____

     claimant is not disabled.  If not, proceed to step five.
23
     Step five:  Does the claimant have the residual functional capacity to perform any
24   other work?  If so, the claimant is not disabled. If not, the claimant is disabled.

25  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

26        The claimant bears the burden of proof in the first four steps of the sequential evaluation
27  process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
     evaluation process proceeds to step five.  Id.
28

1    date of the ALJ's decision.  (AT 33.)

2        B.    Whether the ALJ erroneously discounted plaintiff's testimony

3        As noted above, plaintiff's sole contention is that the ALJ improperly rejected plaintiff's

4    own testimony regarding the extent of her symptoms and functional limitations.  Specifically, the

5    ALJ rejected plaintiff's testimony that she "can't sit, stand, walk, concentrate [*sic*]" to the extent

6    that such testimony exceeded the limitations found in the ALJ's RFC.

7        In Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit Court of

8    Appeals summarized the ALJ's task with respect to assessing a claimant's credibility:

9
10            To determine whether a claimant's testimony regarding subjective
             pain or symptoms is credible, an ALJ must engage in a two-step
11            analysis.  First, the ALJ must determine whether the claimant has
             presented objective medical evidence of an underlying impairment
             which could reasonably be expected to produce the pain or other
12            symptoms alleged.  The claimant, however, need not show that her
             impairment could reasonably be expected to cause the severity of
13            the symptom she has alleged; she need only show that it could
             reasonably have caused some degree of the symptom.  Thus, the
14            ALJ may not reject subjective symptom testimony . . . simply
             because there is no showing that the impairment can reasonably
15            produce the degree of symptom alleged.

16            Second, if the claimant meets this first test, and there is no evidence
             of malingering, the ALJ can reject the claimant's testimony about
17            the severity of her symptoms only by offering specific, clear and
             convincing reasons for doing so. . . .

18   Lingenfelter, 504 F.3d at 1035-36 (citations and quotation marks omitted).  "At the same time, the

19   ALJ is not required to believe every allegation of disabling pain, or else disability benefits would

20   be available for the asking...."  Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

21       "The ALJ must specifically identify what testimony is credible and what testimony

22   undermines the claimant's complaints."  Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685,

23   693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

24   1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the

25   "'[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or

26   between his testimony and his conduct, [claimant's] daily activities, his work record, and

27   testimony from physicians and third parties concerning the nature, severity, and effect of the

28

                                            5

1   symptoms of which [claimant] complains.'"  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.

2   2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.

3   1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the

4   court "may not engage in second-guessing."  Id. at 959.

5        In support of her adverse credibility determination, the ALJ relied on the lack of objective

6   medical evidence supporting plaintiff's alleged limitations, plaintiff's work history and

7   inconsistencies regarding the alleged onset date, delay in seeking treatment, and plaintiff's daily

8   activities.  (AT 28-32.)

9        *1. Lack of objective medical evidence*

10       "[A]fter a claimant produces objective medical evidence of an underlying impairment, an

11  ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence

12  to fully corroborate the alleged severity of pain."  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir.

13  2005) (citing Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)).  Although lack of medical

14  evidence cannot form the sole basis for discounting plaintiff's subjective symptom testimony, it is

15  nevertheless a relevant factor for the ALJ to consider.  Burch, 400 F.3d at 681.

16       Here, the ALJ properly considered the fact that no treating or examining medical source

17  assessed plaintiff with the limitations that plaintiff alleged.  (AT 31.)  In fact, the only opinions in

18  the record related to plaintiff's physical impairments assessed her with significantly greater

19  capability to work than the extreme limitations she alleged.  (AT 458-64, 630-43.)  The evidence

20  referenced by plaintiff concerning her back and hip impairments, (ECF No. 14 at 7 (citing AT

21  726, 730, 734, 739, 741)), reinforces the ALJ's finding that those impairments were severe, but

22  does not articulate any concrete functional limitations.  (AT 726-41.)  While the ALJ was not

23  permitted to discredit plaintiff's testimony on that basis alone, she properly considered it among

24  other reasons.

25       *2. Plaintiff's work history and inconsistencies regarding the alleged onset date*

26       The ALJ also properly considered plaintiff's work history and inconsistencies related to

27  plaintiff's alleged onset date.  (AT 30-31.)  More specifically, the ALJ noted that "despite

28  alleging an August 2010 disability onset date, the claimant has reported ceasing work in 2009 due

1   to a layoff and there is no evidence of the claimant first complaining of or receiving medical

2   treatment for any of her impairment-related pain complaints until mid-2011, nearly a year after

3   her alleged disability onset date." (AT 30, 44-45, 239.)  Additionally, at the administrative

4   hearing, plaintiff alleged an onset date of June 18, 2011, nearly a year after the August 4, 2010

5   onset date alleged in her applications.  (AT 51.)

6        Plaintiff relies on Lingenfelter for the proposition that the ALJ improperly discounted

7   plaintiff's credibility based on her unsuccessful attempts to find work after the alleged onset date.

8   Lingenfelter, 504 F.3d at 1038–39.  However, such reliance is misplaced, because plaintiff here,

9   unlike the plaintiff in Lingenfelter, did not fail to find or sustain work because of her

10  impairments.  To the contrary, plaintiff's testimony indicates that she was unsuccessful in finding

11  alternative employment due to outsourcing of relevant jobs overseas.  (AT 46-47.)

12       *3.  Delay in seeking medical treatment*

13       Failure to seek consistent treatment is a proper consideration when evaluating credibility.

14  See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).  "We have long held that, in assessing

15  a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained

16  failure to seek treatment or to follow a prescribed course of treatment... Moreover, a claimant's

17  failure to assert a good reason for not seeking treatment, or a finding by the ALJ that the proffered

18  reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony."

19  Molina, 674 F.3d at 1113-14 (citation and quotation marks omitted).  Here, the ALJ specifically

20  noted that the plaintiff apparently did not seek treatment for her allegedly disabling condition

21  until mid-2011, despite alleging that her disabling condition started in August of 2010.  (AT 30.)

22       *4.  Plaintiff's daily activities.*

23       "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the

24  ALJ may discredit a claimant's testimony when the claimant reports participation in everyday

25  activities indicating capacities that are transferable to a work setting... Even where those activities

26  suggest some difficulty functioning, they may be grounds for discrediting the claimant's

27  testimony to the extent that they contradict claims of a totally debilitating impairment." Molina,

28  674 F.3d at 1112-13 (citations and quotation marks omitted); see also Burch v. Barnhart, 400 F.3d

1    676, 680 (9th Cir. 2005) (ALJ properly considered claimant's ability to care for her own needs,

2    cook, clean, shop, interact with her nephew and boyfriend, and manage her finances and those of

3    her nephew in the credibility analysis); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th

4    Cir. 1999) (ALJ's determination regarding claimant's ability to "fix meals, do laundry, work in

5    the yard, and occasionally care for his friend's child" was a specific finding sufficient to discredit

6    the claimant's credibility).

7         Here, the ALJ noted that, in addition to being able to live alone and do chores, plaintiff

8    was able to attend college after her alleged onset date.  (AT 30-31, 545, 548.)  The functional

9    requirements of attending college, including sitting and paying attention for extended periods of

10   time, are simply inconsistent with allegations of total disability such as those made by the

11   plaintiff in this case.  See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir.

12   2008) (finding that ALJ did not err by discrediting plaintiff's testimony that he could not work

13   because of his need to change positions, when he attended college classes).

14        In light of the above, the court finds that the ALJ provided specific, clear, and convincing

15   reasons for discounting plaintiff's testimony of disabling symptoms and functional limitations

16   beyond the limitations assessed in the ALJ's RFC.

17        V.    CONCLUSION

18        For the foregoing reasons, the court concludes that the ALJ's decision is free from

19   prejudicial error and supported by substantial evidence in the record as a whole.  Accordingly, IT

20   IS HEREBY ORDERED that:

21             1.  Plaintiff's motion for summary judgment (ECF No. 14) is DENIED.

22             2.  The Commissioner's cross-motion for summary judgment (ECF No. 20) is

23   GRANTED.

24             3.  Judgment is entered for the Commissioner.

25             4.  The Clerk of Court shall close this case.

26             IT IS SO ORDERED.

27   Dated:  April 7, 2016

28

8

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE